# EXHIBIT A

**NOTICE OF CLAIM**

---------------------------------------------------------X

*In the Matter of the Claim of*

**BLANCA BUITRAGO**

-against-

**THE COUNTY OF NASSAU** *and* **NASSAU COUNTY JUVENILE DETENTION CENTER**

---------------------------------------------------------X

TO: **NASSAU COUNTY ATTORNEY'S OFFICE**
Attn: General Counsel
1 West Street
Mineola, New York 11501

**NASSAU JUVENILE DETENTION CENTER**
Attn: Director LaQueta Robbins-Kennedy
61 Carman Avenue
Westbury, New York 11590

1. **The name and address of the Claimant and Claimant's attorney:**

| **Claimant** | **Attorney** |
| --- | --- |
| Blanca Buitrago | Melissa Vo, Esq. |
| C/O Phillips & Associates PLLC | Phillips and Associates, PLLC |
| | 45 Broadway, 28th Floor |
| | New York, NY 10006 |
| | (212) 248-7431 |
| | mvo@tpglaws.com |

2. **The nature of the claim(s):**

Claimant complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); 42 U.S.C. § 1983; and the New York State Human Rights Law, New York State Executive Law §§ 296, *et seq*. ("NYSHRL"), and seeks damages to redress the injuries Claimant has suffered as a result of being discriminated against by her employer due to her sex/gender and sexual orientation, and subjected to a hostile work environment.

3. **The time, the place where and the manner in which the claim arose:**

In or around September 21, 2009, Claimant began working for the Nassau County Juvenile Detention Center ("JDC") as a part-time food services worker, earning approximately $155 per week. In or around March 23, 2023, Claimant became a full-time food services worker for JDC,

earning approximately $1,353 biweekly.

Upon information and belief, Respondent THE COUNTY OF NASSAU ("NASSAU COUNTY") is and was a duly constituted municipal corporation of the State of New York. Upon information and belief, Respondent NASSAU COUNTY formed and has direct authority over different departments, including the Nassau County Department of Social Services ("DSS") and the Nassau County Department of Probation ("DP"), which operates and provides services for youthful offenders and/or alleged youthful offenders in the JDC. Upon information and belief, Respondent NASSAU COUNTY has ownership and control over the JDC.

Upon information and belief, JDC operates a probation and detention center for juveniles at 61 Carmen Avenue, Westbury, New York 11590. At all relevant times herein mentioned, JDC employed more than 15 employees. At all relevant times herein mentioned, Respondent DEREK IVEY ("Respondent IVEY") was and is a Youth Group Supervisor at the JDC. Respondent IVEY had the authority to affect the terms and conditions of Claimant's employment, or to otherwise influence the decision maker of the same. Respondents NASSAU COUNTY and IVEY shall be referred to collectively as "Collective Respondents".

In or around May 24, 2025, Respondent IVEY began to sexually harass and discriminate against Claimant due to her gender and sexual orientation, by making inappropriate and harassing gestures regarding his male genitalia in front of residents and Claimant. These sexually inappropriate gestures occurred in the dining area of the JDC's facility and in front of two other staff members, namely Mr. Wallace and Mr. Brown.

Immediately after Respondent IVEY made those inappropriate and sexually charged gestures, Claimant informed Respondent IVEY that his behavior was inappropriate and unprofessional and that he should discontinue the behavior immediately because it made her extremely uncomfortable. Claimant informed Respondent IVEY that as the only woman in the area at the time, she felt extremely offended and uncomfortable with his harassing and sexually charged actions.

In response, Respondent IVEY became extremely defensive, turned to Claimant and told her to, "Shut up! I'm the Supervisor here and I can do whatever I fuckin' want to do!" Respondent IVEY became very aggressive towards Claimant and told Claimant that she is "Nobody here!" Respondent IVEY continued to berate Claimant, by telling her that she "can't tell anyone anything because you are nothing!" Respondent IVEY's language, gestures and inappropriate language left Claimant visibly shaken, especially because Respondent IVEY is approximately six (6) feet, four (4) inches tall and approximately three hundred (300) pounds. Claimant is approximately five (5) feet tall and one hundred and twenty (120) pounds. Respondent belittled Claimant in front of her co-workers and residents.

In an effort to diffuse the situation and hide her visible embarrassment, Claimant immediately walked away from Respondent IVEY. Claimant proceeded to her office to contact her supervisor, Nicole Robinson ("Ms. Robinson"), who was not at work on that specific day. Ms. Robinson informed Claimant that she should file a Critical Incident Report ("CIR"), which

Claimant did. This report described the incident and was intended to be reviewed by Laura Befumo, the Assistant Director of Juvenile Detention ("Ms. Befumo"), and Laqueta Robbins-Kennedy, the Director of Juvenile Detention ("Ms. Robbins-Kennedy"). A copy of the CIR was also sent to Claimant's immediate supervisor, Ms. Robinson. Ms. Robinson also informed Claimant that she should file a Workplace Violence Report to show that Respondent IVEY demonstrated aggressive and inappropriate behavior during the incident on May 24, 2025.

In or around May 30, 2025, Claimant also advised Darlene Paolini, the Probation Liaison ("Ms. Paolini"), of the incident that took place on May 24, 2025. Ms. Robinson met with Claimant and informed Claimant that this was not the first incident report she had heard about regarding Respondent IVEY and his inappropriate behavior. Ms. Paolini provided Claimant the documents necessary to file a Sexual Harassment Complaint form and a Workplace Violence Incident Report. However, Ms. Paolini took no other action to assist Claimant with her complaint.

Claimant was under the impression that Respondent NASSAU COUNTY and the JDC had a zero-tolerance policy for sexual harassment and discriminatory practices, since each year staff are required to take sexual harassment and discrimination training. Despite this policy, Respondent NASSAU COUNTY and the JDC have done nothing to mitigate the circumstances surrounding the discrimination and harassment Claimant has suffered at the JDC.

In or around May 30, 2025, Mr. Pappas, an investigator of the Nassau County District Attorney's Office, requested further information regarding the incident that took place on May 24, 2025. Mr. Pappas reviewed cameras and gathered some information; however, there was no follow-up to this investigation. Claimant has yet to receive any communication or update regarding the incident that took place on May 24, 2025.

In or around May 30, 2025, a few days after speaking with Ms. Paolini, Claimant was advised that the case would be transferred to Mary Elisabeth Ostermann ("Ms. Ostermann"), the Director of EEO in Nassau County. In or around May and June 2025, Claimant began to experience retaliation in the workplace. Many of Claimant's colleagues stopped speaking to her, presumably at the direction of Respondent IVEY. In addition, Claimant has been socially isolated in the workplace and is experiencing a hostile workplace.

Claimant has sought counsel from a therapist through the Nassau County Employee Assistance Program due to feelings of anxiety and depression. In addition, Claimant has sought care from her primary doctor, Dr. Tworzydi, who has prescribed her Hydroxyzine and Escitalopram for anxiety and stress. Claimant currently wears a heart monitor for irregular palpitations, and her primary care physician has requested that she see a neurologist for headaches, constant shaking and nightly sweats.

To date, Collective Respondents have failed to provide any updates on the various reports Claimant submitted. In addition, upon information and belief, Respondent IVEY has not been reprimanded for his grotesque, harassing, and inappropriate behavior.

On or around July 10, 2025, Respondent IVEY entered the kitchen area where Claimant

works, without authorization from his supervisors, despite being advised he should not be present in the same area as Claimant. Claimant was shaken to see Respondent IVEY in the same area as her. Claimant proceeded to leave the area immediately and into her office to report to Ms. Robinson and Ms. Osterman that Respondent IVEY was just in the dining area with her. Despite Claimant's report, Ms. Robinson and Ms. Ostermann took no action in connection with Respondent IVEY being in the same area as Claimant.

On or about July 25, 2025, Claimant had a meeting with Ms. Paolini and Ms. Ostermann to request an update regarding the investigation. However, she was informed that the investigation was still pending and that there were no updates to be provided at that time. To date, Claimant has not received any updates from her supervisors at the JDC; neither has she received an update from Ms. Ostermann regarding the status of her claim.

Respondent NASSAU COUNTY and the JDC have failed to timely mitigate the circumstances surrounding this harassment. Claimant feels that she is being retaliated against for reporting the offensive and inappropriate behavior of a supervisor, namely Respondent IVEY. Respondent IVEY is in a position of authority and has used that authority to harass and intimidate Claimant. Respondent NASSAU COUNTY and the JDC has done nothing to reprimand Respondent IVEY for this inappropriate harassment towards Claimant.

Claimant was unlawfully treated, humiliated, degraded, victimized and embarrassed and, as a result, suffers loss of rights, emotional distress, and physical ailments. Collective Respondents' actions and conduct were intentional and intended to harm Claimant. As a result of the acts and conduct complained of herein, Claimant has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Claimant has further experienced severe emotional and physical distress.

Collective Respondents' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Claimant demands punitive damages as against all the Respondents, jointly and severally

**4. Injuries/Damages Sustained:**

Claimant sustained multiple damages including, but not limited to, pain and suffering, physical illness/injury, ongoing physical pain and suffering, compensatory damages, special damages, monetary damages, legal fees/costs, humiliation, stress, anxiety, damage to name and reputation, among other damages/injuries. Claimant is still unemployed and is accumulating damages daily. Claimant's damages have not yet been fully realized.

The undersigned Claimant therefore presents this claim for adjustment, payment, transfer, and other remedies to which he is entitled. You are hereby notified that unless Claimant's instant claim is adjusted and/or paid within the time provided by law from the date of presentation to you, the Claimant intends to commence an action on this claim.

Dated: New York, New York
October 7, 2025

Signed,

_______________________________

Melissa Vo, Esq.

**VERIFICATION**

STATE OF NEW YORK
COUNTY OF New York

I, Blanca Buitrago, am the Claimant in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

BLANCA BUITRAGO

Sworn to before me this
6th day of October, 2025

Mohan D Buxani
NOTARY PUBLIC

Mohan. D. Buxani
Notary Public, State of New York
Registration No. 01BU6266896
Qualified In New York County
Commission Expires August 06, 2028